# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADOLPH GARZA (1),<br><br>Defendant. | Case No. 18-CR-1745-BAS<br><br>**ORDER DENYING EX PARTE EMERGENCY MOTION FOR JUDICIAL RECOMMENDATION TO WARDEN OF FCI TERMINAL ISLAND FOR IMMEDIATE RELEASE** |

Mr. Garza, a 54-year old man, pled guilty to conspiracy to distribute MDMA (or ecstasy) via the dark web. At the time of his arrest, agents seized MDMA, psychedelic mushrooms, LSD and methamphetamine from Defendant's residence. Mr. Garza has no prior criminal record. After a guilty plea, this Court sentenced Mr. Garza to 24 months in custody, and he self-surrendered to serve this sentence on January 23, 2020. At the time of his self-surrender, he was in full compliance with all of the conditions of his pre-trial release. He is seeking a recommendation to the Warden for his immediate release because of the COVID-19 virus.

The Court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna,* 319 F.3d 509, 511 (9th Cir. 2003). Defendant cites to the new compassionate release provisions of the First Step Act, 18 U.S.C. §3582(c)(1)(A)(i) which allows the Court to modify the term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." This provision is only triggered, however, where (A) the Director of the Bureau of Prisons files a motion; or (B) the defendant files a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility whichever is earlier." 18 U.S.C. §3582(c)(1)(A). At least one court has relied on these provisions to deny a COVID-19 related emergency request where there has been no effort to exhaust administrative remedies. *See United States v. Eberhart,* No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (rejecting defendant's arguments that he should not be required to exhaust and concluding "the court lacks authority to grant relief under §3582(c)(1)(A)(i).")

Further, the Court lacks authority to designate home confinement. "The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentences." *United States v. Ceballos,* 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. §3621(b)). The recommendations of the sentencing court to

the Bureau of Prisons for where the sentence should be served are only given non-binding weight. *Id.* "While a [district court] has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *Id.* (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)); *see also Rodriguez v. Smith,* 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. §3621(b), the BOP has authority to designate the place of an inmates' imprisonment.")

That said, the court has discretion to make a nonbinding recommendation to the Bureau of Prisons. "However, the court need not make a recommendation when asked to do so by the inmate but instead may defer to the BOP's institutional expertise." *United States v. Shields,* No. 12-CR-00410-BLF-1, 2018 WL 2728905, at *2 (N.D. Cal. June 7, 2018).

In this case, the Court is mindful of the serious risk COVID-19 poses for prison inmates. The Court further finds that Mr. Garza, because he was able to comply with all of the conditions of his pre-trial release and because he has no other criminal record, is a low-risk to reoffend if he is released. However, issues such as Mr. Garza's medical condition, the conditions and resources at Terminal Island (including the availability of testing and treatment), and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to the Bureau of Prisons

and its institutional expertise.  The Court encourages Mr. Garza to seek relief from the Bureau of Prisons.

For the foregoing reasons, the Court **DENIES** Defendant's Emergency Ex Parte Motion.

Dated:   March 27, 2020

Cynthia Bashant
United States District Judge